UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------
                                              :
LOIS SUGAR,                                   :      CASE NO. 5:06-CV-8000
                                              :
            Plaintiff,                        :
                                              :
vs.                                           :      OPINION & ORDER
                                              :      [Resolving Doc. No. 2]
ABBOTT LABORATORIES, ABBOTT                   :
LABORATORIES, INC., KNOLL                     :
PHARMACEUTICAL COMPANY,                       :
GLAXOSMITHKLINE, P.L.C.,                      :
RAGHU RAM, M.D., KENMORE                      :
FAMILY MEDICINE, L.L.P.,                      :
                                              :
            Defendants.                       :
                                              :
---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court decides whether to grant the motion of Plaintiff Lois Sugar ("Sugar") to remand this case back to state court. On August 26, 2006, Sugar moved the Court to remand this action to the Supreme Court of New York, County of Erie. [Doc. 2.] Sugar's motion comes to the Court following the transfer of the case to the Northern District of Ohio for multi-district pretrial proceedings pursuant to 28 U.S.C. § 1407. [Doc. 1.]

With her motion, Sugar contends that the Court enjoys neither diversity nor federal question jurisdiction. [Doc. 2.] The Defendants Abbott Laboratories, Abbott Laboratories, Inc., Knoll Pharmaceutical Company, and GlaxoSmithKline, P.L.C. (collectively, "Pharmaceutical Defendants") oppose the motion. [Doc. 4.] The remaining defendants did not respond.

Case No. 5:06-CV-8000
Gwin, J.

For the reasons discussed below, the Court **DENIES** Plaintiff Sugar's motion to remand. Additionally, finding them dispensable parties, the Court **DISMISSES WITHOUT PREJUDICE** Defendants Raghu Ram, M.D. ("Ram") and Kenmore Family Medicine, L.L.P. (collectively, "Healthcare Defendants").

## I. Background

In this action, Plaintiff Sugar's negligence and product liability claims involve the diet drug Meridia. [Doc. 1.] Plaintiff Sugar alleges that her ingestion of Meridia resulted in "a severe stroke resulting in right-side total paralysis, speech and cognitive difficulty resulting in permanent physical, mental, emotional, and psychological limitations, anguish and other serious and permanent injuries . . . ." *Id.* Plaintiff Sugar used Meridia after Defendant Ram prescribed it to her. *Id.*

On January 25, 2006, Sugar sued Abbott Laboratories, Abbott Laboratories, Inc., Knoll Pharmaceutical Company, GlaxoSmithKline, P.L.C., Raghu Ram, M.D., and Kenmore Family Medicine, L.L.P. *Id.* Plaintiff Sugar's complaint makes claims for strict products liability and negligent products liability against the Pharmaceutical Defendants. *Id.* Additionally, Plaintiff Sugar sued the Healthcare Defendants for medical malpractice. *Id.*

On March 3, 2006, the attorneys for Defendants Abbott Laboratories, Abbott Laboratories, Inc., and Knoll Pharmaceutical Company removed the action to the Western District of New York. *Id.* On August 28, 2006, the Judicial Panel on Multidistrict Litigation ("MDL Panel") transferred the case to this Court for consolidated pretrial proceedings. *Id.* That same day, Plaintiff Sugar moved the Court to remand the action to the Supreme Court of New York, Erie County. [Doc. 2.] The Pharmaceutical Defendants opposed the motion. [Doc. 4.] As the transferee court, this Court now considers Plaintiff Sugar's motion to remand.

Case No. 5:06-CV-8000
Gwin, J.

## II. Legal Standard

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Two types of original jurisdiction exist: federal question and diversity. *See id.* §§ 1331, 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *See id.* § 1331. Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. *See id.* § 1332.

If a federal court of competent jurisdiction determines that a case lacks federal question or diversity jurisdiction, the court must remand the case. *See id.* § 1447(c). Moreover, if a party improperly removes a case to federal court pursuant to 28 U.S.C. § 1441, the court must remand the case back to the state court from which it had been removed. *See id.* § 1447(d). A court may initiate remand *sua sponte* or upon motion of a party. *See id.* § 1441. Because federal courts are courts of limited jurisdiction, the removing party bears the burden of establishing federal jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).

Removal jurisdiction raises significant federalism concerns and, as such, federal courts must strictly construe such jurisdiction. *See Merrell Dow Pharm, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941). Accordingly, a federal court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction. *Shamrock Oil*, 313 U.S. at 108-109(1941); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Brierly v. Alusuisse Flexible Pkg., Inc.*, 184 F.3d 527, 534 (6th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000).

Case No. 5:06-CV-8000
Gwin, J.

### III.  Analysis

#### A.  *Jurisdiction of Transferee Court*

Pursuant to Section 1407 of Title 28 of the United States Code, the MDL Panel transferred this case to the Court.  [Doc. 1.] After such a transfer, the transferee court exercises not only the judicial powers in the transferee district, but also "the powers of a district judge in any district for the purpose of conducting pretrial dispositions in such coordinated or consolidated proceedings." 28 U.S.C. § 1407(b).  Further, the transferee court may rule on motions to remand pending in the transferor court a the time of removal.  *See, e.g.*, *In re Prof'l Hockey Antitrust Litig.*, 369 F. Supp. 1117, 1118 (J.P.M.L. 1974).  *See also In re Fla. Everglades Air Disaster Litig.*, 368 F. Supp. 812 (J.P.M.L. 1973).  Therefore, the Court has jurisdiction to resolve Plaintiff Sugar's motion to remand.

#### B.  *Choice of Law*

The Court has before it both state law and federal claims.  In her complaint, Plaintiff Sugar sets forth state law negligence and product liability claims.  [Doc. 1.]  With her motion to remand, Plaintiff Sugar challenges the Court's federal jurisdiction.  [Doc. 2.]  However, the Court does not engage in a choice of law discussion because Ohio and New York follow the same general rules regarding the primary legal theories in this case, i.e., negligence and product liability.  Moreover, to the extent that the resolution of the motion to remand turns on procedural issues, the Federal Rules of Civil Procedure govern.  *Hanna v. Plumer*, 380 U.S. 460, 473-74 (1965).

#### C.  *Original Federal Jurisdiction*

In opposing the motion to remand, the Pharmaceutical Defendants assert as appropriate both federal question and diversity jurisdiction.  [Doc. 4.] The Pharmaceutical Defendants assert that the Court has federal question jurisdiction because Plaintiff Sugar's complaint "challenges the adequacy

Case No. 5:06-CV-8000
Gwin, J.

of the United States Food and Drug Administration's [ ] comprehensive regulatory process for the

approval and oversight of prescription drugs imposed under" federal statute.  *Id.*  In addition,

although complete diversity does not exist on the face of the complaint, the Pharmaceutical

Defendants say that Plaintiff Sugar misjoined the Healthcare Defendants.  *Id.*

The Court now examines whether original jurisdiction exists in this case.

### *1. Diversity Jurisdiction*

Complete diversity does not exist on the face of Plaintiff Sugar's complaint.  Sugar and the

Healthcare Defendants share New York citizenship.  However, under Rule 21 of the Federal Rules

of Civil Procedure, a court may perfect diversity by dropping nondiverse and dispensible parties at

any time.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (noting that "[i]t

is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse

party to be dropped at any time, even after judgment has been rendered").  *Accord Soberay Mach.*

*& Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999); *Safeco Ins. Co. of Am. v. City*

*of White House*, 36 F.3d 540, 545 (6th Cir. 1994).

Further, a court may drop a dispensible party *sua sponte* or in the motion of a party.  FED.

R. CIV. P. 21.  *See also Soberay*, 181 F.3d at 763 (recognizing that "[it] is well-settled that Rule 21

invests district courts with authority to allow a dispensable nondiverse party to be dropped at any

time").  *And see Neeld v. Am. Hockey League*, 439 F. Supp. 459, 462 (W.D.N.Y. 1977) (noting that

"[a] federal court has inherent power to perfect its jurisdiction").  Finally, Rule 21 applies to the

dismissal of properly-joined parties, as well as misjoined parties.  *Safeco*, 36 F.3d at 546.

A court's determination of "dispensible party" involves two steps.  First, a court decides

whether the party qualifies as "necessary" pursuant to Rule 19(a) of the Federal Rules of Civil

Case No. 5:06-CV-8000
Gwin, J.

Procedure. A party is "necessary" where he"is 'needed for just adjudication' . . . if: (1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or, (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Safeco*, 36 F.3d at 546 (citing FED. R. CIV. P. 19(a)(1), (2)(i)-(ii)). If the party qualifies as "necessary," a court then determines his dispensibility: "[a]n indispensible party must be distinguished from a necessary party, who is a person having such an interest in the controversy that he ought to be made a party in order to finally determine the entire controversy but whose interest is separable." *Shields v. Barrow*, 58 U.S. 130, 139 (1854).

> In analyzing whether a party qualifies as "indispensible," a court must consider:
>
> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

FED. R. CIV. P. 19(b).

Here, assuming that the Healthcare Defendants qualify as necessary parties, they are dispensable. First, Plaintiff Sugar seeks to recover damages "jointly and severally" from all defendants. [Doc. 1.] Courts generally hold that jointly and severally liable tortfeasors are not indispensible to an action against any one of them. *See Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1198 (6th Cir. 1983) (commenting that "it is beyond peradventure that joint tortfeasors are not indispensible parties in the federal forum"). Thus, the Healthcare Defendants do not represent indispensible parties to Sugar's action against the Pharmaceutical Defendants. Further, Sugar has an adequate remedy if the Court drops the nondiverse Healthcare Defendants because she

Case No. 5:06-CV-8000
Gwin, J.

can proceed with her state law malpractice claims against the Healthcare Defendants in state court.

Therefore, the Court concludes that the nondiverse Healthcare Defendants do not qualify as indispensible parties.  Accordingly, the Court drops the Healthcare Defendants from this suit to achieve diversity.

### *2. Fraudulent Joinder*

Because the Court dismisses the Healthcare Defendants to perfect diversity jurisdiction, the Court does not decide the issue of fraudulent joinder.

### *3. Federal Question*

In addition to alleging that the Court has diversity jurisdiction, the Pharmaceutical Defendants say that the Court has federal question jurisdiction.  [Doc. 4.]  Because diversity jurisdiction exists, the Court does not reach the federal question issue.  The Court notes, however, that federal question jurisdiction does not exist for the reasons discussed in *Watson v. Abbott Laboratories, Inc.*, No. 5:02-CV-8030 (N.D. Ohio Apr. 8, 2003) and *Bracero v. Abbott Laboratories Corporation*, No. 5:03-CV-8018 (N.D. Ohio May 13, 2003).

### **IV.  Conclusion**

For these reasons, the Court **DENIES** Plaintiff Sugar's motion to remand.  Additionally, the Court **DISMISSES WITHOUT PREJUDICE** the nondiverse Healthcare Defendants.

IT IS SO ORDERED.


Dated:  May 29, 2007

s/        *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE